IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VINCENT MUNDY : CIVIL ACTION
:
v. :
:
JOHN KERESTES :
SETH R. WILLIAMS : NO. 13-6081

MEMORANDUM

STENGEL, J.                                                OCTOBER 24th, 2013

    Vincent Mundy, a prisoner incarcerated at the State Correctional Institution at Mahanoy, brings this pro se civil rights action, pursuant to 42 U.S.C. § 1983, against John Kerestes, the Superintendent of SCI-Mahanoy, and Seth Williams, the District Attorney of Philadelphia. Plaintiff alleges that his constitutional rights have been violated because he has been incarcerated since 1988, even though the Pennsylvania Department of Corrections ("DOC") does not have a signed copy of his sentencing order. He seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.    FACTS

    According to the complaint, plaintiff was convicted of third-degree murder and possession of an instrument of crime, and sentenced to life and two-and-a-half to five years of imprisonment in 1988. Plaintiff does not challenge his convictions or sentence. Instead, he claims that he has been incarcerated in violation of his constitutional rights because

1

the DOC took him into custody without a signed copy of his sentencing order. Plaintiff contends that the absence of such an order in DOC files violates 42 Pa. Cons. Stat. §§ 9762 & 9764(a)(8), and 37 Pa. Code. § 91.3, thereby rendering his imprisonment unconstitutional. He seeks damages in the amount of $100 million.

## II. STANDARD OF REVIEW

As plaintiff has satisfied the criteria set forth in 28 U.S.C. § 1915, he is granted leave to proceed in forma pauperis. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995). As plaintiff is proceeding pro se, the Court must construe his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, [a] plaintiff[] must show that the defendant[s], under the color of state law, deprived [him] of a federal constitutional or statutory right." Miller v. Mitchell, 598 F.3d 139, 147 (3d Cir. 2010). Here, plaintiff's claims are based on the theory that his incarceration is unconstitutional because the DOC does not have a signed copy of the sentencing order in his case as required by state statute.

There is no legal basis for this theory.

Notably, plaintiff does not dispute that he was convicted and sentenced to the period of incarceration that he has been serving since 1988. Furthermore, § 9764(a)(8), upon which plaintiff heavily relies, simply regulates the "exchange of prisoner information between the state and county prison systems." Gibson v. Wenerowicz, Civ. A. No. 11-7751, 2013 WL 3463575, at *3 n.6 (E.D. Pa. Mar. 5, 2013), report and recommendation adopted as modified by, 2013 WL 3476130 (E.D. Pa. July 10, 2013). It does not give rise to a constitutional claim.[1] See id. ("Even assuming that Petitioner was [incarcerated] without a copy of the signed sentencing order, Petitioner's confinement under such circumstances does not violate the Constitution."). Accordingly, plaintiff's claims will be dismissed for lack of legal merit.

Although a district court should generally provide a pro se plaintiff with leave to amend, see Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002), amendment would be futile here because plaintiff cannot cure the deficiencies in his complaint. Accordingly, he will not be permitted to file an amended complaint.

---

[1] Section 9762, upon which plaintiff also relies, governs whether an inmate should serve his sentence in a county facility versus a state facility. It is not clear how the provision is relevant in plaintiff's case, as it appears that plaintiff was properly committed to the custody of the DOC. See 42 Pa. Cons. Stat. § 9762(a). Section 91.3 of the Pennsylvania Administrative Code simply implements §§ 9762 and 9764.

3

## IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint is dismissed. An appropriate order follows.